**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          Case No: 11-20551-40

ALFORNIA JOHNSON,

      Defendant.

_____/

## ORDER ALLOWING REPRESENTATION PURSUANT TO RULE 44(c)

Defendant is represented by Richard Korn, an attorney who, in an entirely

unrelated earlier case, represented a person who could eventually be a peripheral

witness in this case. Rule 44 of the Federal Rules of Criminal Procedure, contemplating

the possibility of simultaneous, joint representation as well as other related

circumstances in which conflicts of interest could arise, provides:

> Whenever two or more defendants have been jointly charged pursuant to
> Rule 8(b) or have been joined for trial pursuant to Rule 13, and are
> represented by the same retained or assigned counsel or by retained or
> assigned counsel who are associated in the practice of law, *the court shall
> promptly inquire* with respect to such joint representation and shall personally
> advise each defendant of the right to the effective assistance of counsel,
> including separate representation. Unless it appears that there is good cause
> to believe no conflict of interest is likely to arise, the court shall take such
> measures as may be appropriate to protect each defendant's right to counsel.
> Fed. R. Crim. P. 44(c) (emphasis added.)

A hearing was held in this case, although no actual joint representation is

present, in order to personally advise Defendant in person as contemplated by Rule

44(c), and to consider his proposed waiver of the right to counsel unburdened by the

possibility of a conflict of interest based upon his earlier representation of a potential witness .  The court concludes that there is good cause to believe no conflict of interest is likely to arise based upon defense counsel's earlier representation.

## DISCUSSION

When one lawyer represents two or more defendants in a case, or a witness and then a defendant sequentially, the lawyer could experience difficulty representing the defendant with a proper measure of diligence.  At a trial, sequential representation may deter the attorney from questioning the witness, his former client, as completely as might otherwise be possible. The attorney, for example, would not be able to question the witness about anything that the witness had told the lawyer in confidence as an client.

The Defendant here waived, personally and on the record, any possible conflict of interest resulting from sequential representation.  In appropriate situations a court may disqualify an attorney despite a defendant's proposed waiver of the right to conflict-free counsel, even if the waiver is voluntary, knowing and intelligent. See *Wheat v. United States*, 486 U.S. 153, 163 (1988) ("district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses").  The court is persuaded in this case that the likelihood of actual conflict is remote and that the Defendant is sufficiently aware of his right to entirely conflict-free counsel.

## CONCLUSION

There is no reasonable possibility that a conflict will arise in this case that could result in a lack of effective assistance of counsel or other prejudice to the Defendant; the court will therefore permit continued representation by Defendant's counsel of record.

**IT IS ORDERED** that attorney Richard Korn is **NOT DISQUALIFIED** from representing Defendant Alfornia Johnson in this case.

 **S/Robert H. Cleland**
**ROBERT H. CLELAND**
**UNITED STATES DISTRICT JUDGE**


**Dated:  December 11, 2013**


**I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 11, 2013, by electronic and/or ordinary mail.**


 **S/Lisa Wagner**
**Case Manager and Deputy Clerk**
**(313) 234-5522**


S:\Cleland\JUDGE'S DESK\Lisa's Folder\Rule 44(c) Order Permitting Sequential Representation.wpd

3