**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 11-20551-40

ALFORNIA JOHNSON.

    Defendant.
                                       /

**OPINION AND ORDER DENYING**
**DEFENDANT'S "MOTION FOR PRETRIAL DISCLOSURE AND HEARING TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENT AGAINST DEFENDANT PURSUANT TO FRE 801(d)(2)(E)"**

On March 10, 2014, Defendant Alfornia Johnson filed a "Motion for Pretrial Disclosure and Hearing to Determine Admissibility of Co-Conspirator Statement Against Defendant Pursuant to FRE 801(d)(2)(E)." Having reviewed Defendant's motion, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Defendant's motion.

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if it is offered against an opposing party and "was made by the party's co[-]conspirator during and in furtherance of the conspiracy." To admit the statements of a co-conspirator against a defendant as "non-hearsay" under FRE 801(d)(2)(E), this court must find, consistent with *United States v. Enright*, 579 F.2d 980, 986–87 (6th Cir. 1978), that: (1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the statements during the course and in furtherance of the conspiracy. *See United States v. Wilson*, 168 F.3d 916, 920 (6th Cir.

1999); *United States v. Warman,* 578 F.3d 320, 335 (6th Cir 2009) (noting that the Sixth Circuit "sometimes refer[s] to this as an *Enright* finding"). The district court may provisionally "admit the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence." *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979); *see also United States v. Maliszewski*, 161 F.3d 992, 1007 (6th Cir. 1998) (citing *United States v. Breitkreutz*, 977 F.2d 214, 218 (6th Cir. 1992)).

No requirement of a pre-trial hearing or ruling exists, although it is available to the court as an "option . . . in which the court, without a jury, hears the government's proof of conspiracy and makes the *Enright* finding." *United States v. Holloway,* 731 F.2d 378, 381 (6th Cir. 1984) (citing *Vinson,* 606 F.2d at 152–53). But it remains "clearly within the district court's discretion under *Vinson* to decide to conditionally admit the hearsay statements subject to a later demonstration of their admissibility by a preponderance of the evidence." *United States v. Montgomery,* 358 Fed. App'x. 622, 626, 2009 WL 4906908, at *3 (6th Cir 2009) (rejecting defendant's argument "that the district court should have ordered a pre-trial mini-hearing at which he could have presented evidence or required proof of the conspiracy and its connection to him before admitting the co-conspirator's statements"). Although holding a "mini-hearing" is one acceptable method for making *Enright* findings, the court finds that based on the circumstances of this case, it would be "burdensome, time-consuming, and uneconomic." *Vinson,* 606 F.2d at 152. The court will not require the Government to prove evidence of a conspiracy under FRE 801(d)(2)(E) at a pre-trial hearing, and then use the same evidence at trial to prove to a jury that Defendants engaged in the same conspiracy. While Defendant would no doubt welcome the chance to preview the

Government's case and how it intends to present that case to the jury, the court declines to force the Government to provide this roadmap, particularly when Defendant has put forth no compelling reason to do so. The court is prepared to receive arguments at trial as to the legitimacy of proffered 801(d)(2)(E) statements, and rule consistent with the requirements of *Vinson* and *Enright* as explained above. Accordingly,

IT IS ORDERED that Defendant's "Motion for Pretrial Disclosure and Hearing to Determine Admissibility of Co-Conspirator Statement Against Defendant Pursuant to FRE 801(d)(2)(E)" [Dkt. # 663] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 26, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 26, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522