UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 11-20551-40

ALFORNIA JOHNSON,

    Defendant.
                                                    /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER**

Before the court is Defendant's motion to sever for purposes of trial.[1] Having reviewed Defendant's motion, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Defendant's motion.

Defendant is charged with conspiracy to distribute and possess with intent to distribute controlled substances (21 U.S.C. §§ 841(a)(1) and 846) and criminal forfeiture (21 U.S.C. § 853; 18 U.S.C. §§ 924, 981, 982; and 28 U.S.C. § 2461). Defendant does not assert that the charges against him were improperly joined under Federal Rule of Criminal Procedure 8. Rather, he contends that the court should sever the charges against him under Federal Rule of Criminal Procedure 14(a), which allows for severance

---

[1] The court notes that the motion provides no indication that Defendant expended any effort to attempt to resolve the issue with opposing counsel. A mere citation to Local Rule 7.1(a) is provided, with no details. Local Rule 7.1(a) saves both the court and the parties time by allowing agreed-upon issues to be disposed of quickly and easily. A violation of this rule may result in a summary denial of the motion, as well as the imposition of an appropriate sanction upon the responsible attorneys. E.D. Mich. L. R. 11.1.

when joinder of offenses or defendants for trial "appears to prejudice a defendant." Defendant argues:

> It is anticipated that the government will admit statements of some of the co-defendants that were not made in furtherance of the conspiracy and, therefore, would not be admissible against Defendant under FRE 801(d)(2)(E). A joint trial with the other co-defendants would severely prejudice substantial rights of Defendant because the statements described above would not be admissible against Defendant if he were to be tried separately.

(Dkt. # 662, Pg. ID 2578.) Defendant provides absolutely no factual basis for the events that he "anticipates."

A motion to sever is left to the discretion of the trial court. *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002). However, "[a]s a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'" *Id.* (quoting *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993)). The Sixth Circuit has instructed that "[s]everance should be granted 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Defendant has not shown that any such risk exists here.

Defendant speculates of his fear of an entirely predictable, and very common, *Bruton* problem in which his co-defendant's statements will implicate him in the crime, and he will not be able to cross-examine his co-defendants because they can exercise their constitutional right not to testify. *See Bruton v United States*, 391 U.S. 123 (1968). However, in the court's experience, this problem is easily—and commonly—remedied

by the government and the defense agreeing to modification or redaction of the potentially problematic statements. Moreover, Defendant's speculation about the potential impact of statements of current co-defendants is unspecified, and bereft of detail. It is yet to be known who will or will not testify, who will or will not plead guilty, and who will or will not be in the same trial grouping, definitively, with Defendant.

Finally, "[t]he fact that a defendant may have a better chance at acquittal if his trial were severed does not require the judge to grant his motion: the defendant must show 'substantial,' 'undue,' or 'compelling' prejudice." *United States v. DeFranco*, 30 F.3d 664, 669–70 (6th Cir.1994). Defendant speaks in generalities and has not shown that there is any serious risk of significant prejudice which overcomes the economy of a single trial. Accordingly,

IT IS ORDERED that Defendant's motion to sever [Dkt. # 662] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 27, 2014, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-20551.JOHNSON.Sever.Deny.rljr.wpd